UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RICKEY JACKSON,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 1:07CV00034 ERW
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Defendant.             )

### MEMORANDUM AND ORDER

    This matter is before the Court upon the application of Rickey
Jackson (registration no. 27507-044), an inmate at United States
Penitentiary, Terre Haute, for leave to commence this action
without payment of the required filing fee [Doc. #5].  For the
reasons stated below, the Court finds that the applicant does not
have sufficient funds to pay the entire filing fee and will assess
an initial partial filing fee of $38.28.  See 28 U.S.C. §
1915(b)(1).  Furthermore, after reviewing the complaint, the Court
will order the Clerk to issue process or cause process to be issued
on the complaint.

### 28 U.S.C. § 1915(b)(1)

    Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a
civil action in forma pauperis is required to pay the full amount
of the filing fee.  If the prisoner has insufficient funds in his
or her prison account to pay the entire fee, the Court must assess
and, when funds exist, collect an initial partial filing fee of 20
percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $191.38, and an average monthly balance of $33.33. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $38.28, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328

(1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under Fed. R. Crim. P. 41 for return of property allegedly taken from him by government officials on June 3, 1998, which was about twelve days after he was arrested and placed in custody.  Plaintiff alleges that agents Mark Greer, Carlos Kerly, and Robert Lockett seized several of plaintiff's master CDs.  Plaintiff further alleges that the value of the CDs exceeds $30 million.

As a result of the arrest, plaintiff was tried and convicted in this Court of conspiracy to distribute narcotics.  United States v. Humes, 1:98CR39 ERW (E.D. Mo. 1999).  Plaintiff previously filed a case similar to this one, which concerned different property.  Jackson v. United States, 1:03CV160 ERW.

3

**Discussion**

In the Eighth Circuit, "[p]ost-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995). As a result, the Court finds that the action survives initial review under 28 U.S.C. § 1915(e)(2)(B), and the Court will order defendant to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.28 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

4

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 19th Day of March, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

5