UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKEY L. JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 1:07CV00034 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Motion to Dismiss or in the Alternative Motion for Summary Judgment [doc. #19].

**I.   BACKGROUND**

Rickey L. Jackson ("Plaintiff") was tried and convicted in this Court of conspiracy to distribute narcotics. Plaintiff was sentenced to life imprisonment. Plaintiff has brought the pending action against the United States of America ("Government") under Fed. R. Crim. P. 41 for return of property.

Plaintiff was arrested while driving a Ford Expedition that had been equipped with post-factory stereo video equipment and wheel rims. At the time of his arrest, Plaintiff had on his person a gold bracelet, Nike cap, two driver's licenses, two pagers, two shoestrings, and $1,510 in cash. After Plaintiff was arrested, the Ford Expedition was towed to a private lot. The vehicle was later searched, and the police found clothing, a Nintendo 64, compact disks and $7,000 inside the Ford Expedition.

The Ford Expedition was leased by Ford Motor Company to Cameka Tousant, Plaintiff's girlfriend. The clothing found in the vehicle was released to Cameka Tousant's grandmother, and

"representative." The lease on the Ford Expedition defaulted on June 11, 1998, and at that time, the Ford Motor Company repossessed the Expedition. Prior to the repossession, some of the stereo video equipment was stolen. Cameka Tousant received insurance proceeds for the loss of this equipment.

Plaintiff has previously filed a lawsuit similar to this action, however, it concerned different property. *Jackson v. United States*, 1:03CV00160 ERW. In his prior lawsuit, Plaintiff sought the return of the stereo video equipment, wheel rims, gold bracelet, Nike cap, two drivers licenses, two pagers, two shoestrings, the cash, the clothing, and the Nintendo 64. In Plaintiff's previous suit, the Court found that Plaintiff had abandoned his claims to the stereo video equipment, wheel rims and Nintendo 64. The Court found that the currency was lawfully forfeited and that the clothing had been lawfully transferred. The Court also found that Plaintiff was entitled to the gold bracelet, Nike cap, licenses, and shoestrings. This property was worth approximately $18,552.00, however, the property was either lost or unlawfully appropriated by the Government.[1] The Court then transferred the previous action to the Court of Federal Claims, which dismissed the action as premature.

Plaintiff appealed the dismissal of his claims to the stereo video equipment, clothing, and wheel rims. *See Jackson v. United States*, 526 F.3d 294 (8th Cir. 2008). The Eighth Circuit

---

[1] The Court initially made findings of fact in 1:03CV00160 related to the compact discs. Specifically, the Court found that the "compact discs, seized from Jackson had only nominal value of $1.00. These items were abandoned by Jackson." After the Court's Order was issued, Plaintiff filed a Motion to Amend. In this Motion, Plaintiff asked that the Court amend it's Order to strike any reference to the compact discs because the compact discs were not included in his pleadings, and because he did not present evidence of their nature of value at trial. In the alterative, Plaintiff asked that the Court take additional testimony related to the compact discs. The Court granted Plaintiff's Motion to Amend, and on November 16, 2006, the Court issued an Amended Order.

found that the Court correctly dismissed Plaintiff's claims to the stereo video equipment and clothing, but remanded Plaintiff's claim to the wheel rims.

In the pending action, Plaintiff seeks to recover property allegedly taken from him by government officials on June 3, 1998, about twelve days after he was arrested and placed into custody. Plaintiff alleges that agents Mark Greer, Carlos Kerly and Robert Lockett seized several of Plaintiff's master compact discs, paperwork, and a black Fendi duffle bag. Plaintiff claims that the master compact discs seized by these agents are valued at over $30 million. The Government has submitted the affidavit of Robert Lockett, a Lieutenant with the Charleston Police Department. This affidavit states that the compact disks and paperwork were transferred to Mary Tousant on behalf of Cameka Tousant.

## II. DISCUSSION

A person who has been deprived "of property may move for the property's return." Fed. R. Crim. P. 41(g). Property that is seized by the government during a criminal investigation must be returned once the criminal proceedings are concluded unless the property is contraband or subject to forfeiture. *See United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2003). "Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995). Plaintiff's criminal trial was before this Court, and as a result, the Court has ancillary jurisdiction over this action.

The Government asserts that Plaintiff's claim should be dismissed pursuant to the doctrines of collateral estoppel, estoppel by laches and equitable estoppel. Alternatively, the Government states that summary judgment is appropriate because the property Plaintiff seeks to

3

have returned was legally transferred to the proper representative. The Court will consider each argument separately.

## A. *MOTION TO DISMISS: COLLATERAL ESTOPPEL*

Collateral estoppel is an affirmative defense that will justify the dismissal of a clam. *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997). The goal behind this defense "is to promote judicial economy and finality in litigation." *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 909 (8th Cir. 2007). The Eighth Circuit applies a five element test to determine whether a claim is barred by collateral estoppel:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007).

The first collateral estoppel element is clearly satisfied as the Plaintiff in this action was the party who filed the previous return of property action. However, the second, third and fourth collateral estoppel elements have not been satisfied. The two lawsuits do not involve identical property. *See Riley v. United States*, 78 F.App'x 774, 776 (2d Cir. 2003). As a result, the issues in the two suits were not the same, the issues surrounding the compact discs, Fendi duffle bag, and paperwork were not litigated in the prior action, and there has been no valid and final judgment related to this property.

This Court has previously considered an action for the return of property in which the plaintiff filed a second return of property motion for property that was not included in their first motion. *See Carter v. United States*, 2005 WL 4026112, at *2 (E.D. Mo. May 9, 2005); *Carter v. United States*, 62 Fed. Cl. 365 (Fed. Cl. 2004). The plaintiff's claims in *Carter* were not barred

4

by collateral estoppel, and similarly, the Court does not find that Plaintiff's claims are barred. Plaintiff did not seek to recover the compact disks, paperwork, and Fendi duffle bag in his first Fed. R. Crim. P. 41 Motion, and he is not estopped from bringing these claims now.

## B.     MOTION TO DISMISS:  ESTOPPEL BY LACHES

The Eighth Circuit has not established "the applicable limitations period to be followed" for motions filed under Fed. R. Crim. P. 41. *Carter*, 2005 WL 4026112, at *2. However, other circuits, and many district courts have found that a six-year statute of limitations to be applicable to claims under Fed. R. Crim. P. 41. *See id.*; *United States v. Sims*, 376 F.3d 705, 708-09 (7th Cir. 2004); *United States v. Wright*, 361 F.3d 288 (5th Cir. 2004); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001). This period begins running "from the conclusion of the criminal or civil forfeiture proceedings, or, if no such proceedings are initiated, from the expiration of the statute of limitations for filing such actions." *Carter*, 2005 WL 4026112, at *2. The statute of limitations for filing for criminal or civil forfeiture is five years. 18 U.S.C. § 983(e). In sum, a plaintiff "may have a total of eleven years - the five year forfeiture statute of limitations plus the six-year statute of limitations under 28 U.S.C. § 2401(a) - post seizure to complain about the deprivation of his property." *Garba v. United States*, 2006 WL 3197182, at *2 (E.D.N.Y. November 3, 2006). Alternately, the six-year period will run from when a plaintiff "discovered or had reason to discover that his property had been forfeited without sufficient notice." *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 654 (2d Cir. 1998).

Plaintiff was convicted on December 18, 1998, and sentenced on March 29,1999. No action for criminal or civil forfeiture was filed against Plaintiff, and he asserts that he did not receive notice that these items were removed from the Ford Explorer until January 9, 2006. This action was filed on March 1, 2007, approximately eight years after his criminal judgment became

final and slightly over one year after he received notice of the deprivation of his property. The Government does not assert that Plaintiff's Motion is barred by the statute of limitations, but does argue that the Court should bar this Motion through the principle of estoppel by laches.

Generally, when an action "is brought within the statute of limitations period" courts will "apply a presumption that the action is not barred" by laches. *Ashley v. Boyle's Famous Corned Beef Co.*, 66 F.3d 164, 169 n.3 (8th Cir. 1995). However, in rare instances, "a statute of limitations can be cut short by the doctrine of laches." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1208 (10th Cir. 2001).

For laches to cut short a statute of limitations period that has not run, the Court must make a fact-specific inquiry. *Id.* Laches "is not mere delay, but delay that works a disadvantage to another." *Id.* (*quoting Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)). Accordingly, the Government must demonstrate both "that there has been an unreasonable delay in asserting the claim *and* that the defendant was materially prejudiced by the delay." *Id*.

The Government generally asserts that this delay "is inexcusable and unduly prejudices the Government by time and expense in defending an obviously meritless claim." This is nothing more than a "conclusory allegation of prejudice [which] is insufficient to establish material prejudice to the United States." *Rodriguez-Aguirre*, 264 F.3d at 1208. The Government has not established that they will face any material prejudice due to Plaintiff's delay in filing, and these circumstances do not justify the rare application of equitable tolling when the statute of limitations has not yet run.

C. *MOTION TO DISMISS: EQUITABLE ESTOPPEL*

Additionally, the Government asserts that dismissal is appropriate under the theory of equitable estoppel. The "elements of equitable estoppel are: (1) misrepresentation by the party

against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *Michigan Exp., Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004). Specifically, the Government asserts that Plaintiff should be equitably estopped because he did not seek the return of this property in his prior motion.

This argument fails as any reliance the Government may have placed on Plaintiff waiving these claims by not filing for these items in his initial motion was not reasonable. Plaintiff's actions after the Court issued the Order in 1:03CV00160 demonstrated his interest in pursuing his claim for the compact discs. Upon learning that the Court issued findings of fact related to the compact discs, Plaintiff filed a Motion to Amend Findings of Fact. In this Motion, Plaintiff asked that the Court amend it's Order to strike any reference to the compact discs because those discs were not included in his pleadings, and because he did not present evidence of their nature of value at trial. In the alterative, Plaintiff asked that the Court take additional testimony related to the compact discs. Plaintiff's request that he be given the opportunity to present additional testimony demonstrated that he was not relinquishing his claims to these items. The Government has not demonstrated reasonable reliance, and the second element of their equitable estoppel defense is not satisfied.

### D. MOTION FOR SUMMARY JUDGMENT

The Government asserts that summary judgment is appropriate on Plaintiff's claims as the property sought by Plaintiff was legally transferred to Mary Tousant on behalf of Cameka Tousant. Summary judgment may only be granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "Where there is a fact dispute regarding who has custody or is entitled to possession of the subject

property, the court must hold a hearing to determine those issues." *United States v. Timley*, 443 F.3d 615, 625 (8th Cir. 2006).

Local Rule 7-4.01(E) requires the moving party to submit a statement of uncontroverted material facts. These facts should be set forth in separately numbered paragraphs, with citations to the record. The Government states that their motion, in the alternative, is for summary judgment. They have submitted an affidavit in support of the motion, but did not provide the Court with citations to supporting law, nor did the Government submit a statement of uncontroverted material facts. The Motion submitted by the Government does not satisfy Local Rul e7-4.01(E), and the Court will not consider the Government's arguments in support of Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Dismiss or in the Alternative Motion for Summary Judgment [doc. #19] is **DENIED.**

Dated this 29th Day of July, 2008.

                                                         E. RICHARD WEBBER
                                                         UNITED STATES DISTRICT JUDGE